**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTHA ALICIA DAVALOS-ALEJANDRE; MAYRA YANNETH DAVALOS-ALEJANDRE; EVA ALEJANDRA-BARAJAS, a.k.a. Eva Alejandre-Barajas, | No. 08-72184 |
| | Agency Nos. A079-162-453 |
| | A079-162-454 |
| | A079-162-459 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Bertha Alicia Davalos-Alejandre, her sister Mayra Yanneth Davalos-

Alejandre, and her mother Eva Alejandra-Barajas, natives and citizens of Mexico,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish past persecution or a well-founded fear of persecution on account of membership in a particular social group, political opinion, or any other protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). In the absence of past persecution, petitioners cannot qualify for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A). Further, the record does not compel the conclusion that petitioners established a pattern or practice of persecution against women asserting sexual assault claims in Mexico. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, petitioners' asylum claims fail.

Because petitioners failed to meet the lower standard of proof for asylum, their claims for withholding of removal necessarily fail. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured if removed to Mexico. *See Wakkary*, 558 F.3d at 1067-68.

Finally, petitioners have not shown a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge to deportation proceedings).

**PETITION FOR REVIEW DENIED.**